UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12-3947**

Princess Williams and Michael Spencer,

Plaintiffs,

-against-

The City of New York; Donald Sadowy, in his individual capacity; and John and Jane Does 1 through 5, each in his or her individual capacity,

Defendants.

ECF CASE

**GERSHON, J.**

COMPLAINT AND **POLLAK, M.J**
FOR JURY TRIAL

SUMMONS ISSUED

FILED
CLERK
2012 AUG -8 PM 4:5
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

### PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiffs' rights under the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

### JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a) and 1367(a).

### VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to this claim took place in the Eastern District of New York.

## JURY DEMAND

5. The Plaintiffs demand a trial by jury on each and every one of their claims as pled herein.

## PARTIES

6. Plaintiffs PRINCESS WILLIAMS and MICHAEL SPENCER are residents of Brooklyn, New York.

7. Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. Defendants DONALD SADOWY and JOHN and JANE DOES 1 through 5 (collectively the "Individual Defendants") were police officers employed by the NYPD who were at all relevant times herein acting in their capacity as agents, servants, and employees

of the City.

10. The Individual Defendants are sued in their individual capacities.

11. At all times relevant herein, Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

12. Around 9:00 AM on August 25, 2011, Michael Spencer and Princess Williams were driving to work at Cosco Wholesale Corporation, where both plaintiffs are employed as clerks.

13. A dark blue van pulled up behind their vehicle and signaled them to pull over.

14. Mr. Spencer, who was driving his cousin's car, promptly pulled over.

15. Three police officers in plain clothes, Individual Defendants herein, exited the van and approached the car.

16. Two additional officers exited the van but did not approach the vehicle.

17. Officer Sadowy approached the passenger side of the car where Ms. Williams was seated, and without reason or explanation, he demanded to see Ms. Williams'

identification.

18. Ms. Williams asked Officer Sadowy why he wanted to see her identification when she was only a passenger.

19. Officer Sadowy then told Ms. Williams to get out of the car and when she did not immediately do so, he reached into the car through the open window, opened the car door, and violently pulled her out of the car by her shirt.

20. Officer Sadowy then pulled Ms. Williams to the back of the car, where he repeatedly pushed her into the back of the car while yelling that she "needs to learn when to shut the fuck up," causing pain and significant bruising to Ms. Williams upper arms, chest and back.

21. When he finally stopped pushing her, he put her in handcuffs and sat her on the curb.

22. Meanwhile, one of the other officers told Mr. Spencer that he had been pulled over for a broken taillight.

23. The car Mr. Spencer was driving did not have a broken taillight.

24. The police did not issue Mr. Spencer a citation for a broken taillight or any other equipment violation or traffic infraction.

25. Mr. Spencer and Ms. Williams were then put into the police van and driven to the 73rd Precinct.

26. At the precinct, Mr. Spencer was put into a holding cell while Ms. Williams

was handcuffed to a bench outside his cell.

27.   Mr. Spencer and Ms. Williams were not permitted to call their supervisor at Costco to explain their absence from work.

28.   Instead, Officer Sadowy insisted on calling their supervisor himself, reporting that they had been arrested, causing Mr. Spencer and Ms. Williams embarrassment upon their to return to work.

29.   After approximately two hours, a female police officer, an Individual Defendant herein, took Ms. Williams from the bench to a back holding cell, which was still in view of anyone who was getting fingerprinted.

30.   The officer told Ms. Williams to unlatch her bra and shake it out, which Ms. Williams did. The officer then told Ms. Williams to unzip her pants.

31.   After Ms. Williams complied, the officer, wearing fingerless gloves, stuck her hand down and under Ms. Williams' underwear. Ms. Williams was thereafter returned to the bench.

32.   After an additional six hours handcuffed to the bench, Ms. Williams was given a desk appearance ticket, charging her with criminal possession of marihuana in the fifth degree (New York Penal Law § 221.10(1)) and unlawful possession of marihuana (New York Penal Law § 221.05).

33.   Upon her release, Ms. Williams went immediately to Kings County Hospital, where her visible bruises from Officer Sadowy's attack were documented.

34. Mr. Spencer, meanwhile, remained at the precinct until around 2:00 AM the following morning, when he was then transferred to Central Booking.

35. After approximately 20 hours in police custody, the Kings County District Attorney's Office declined to prosecute Mr. Spencer.

36. He was released directly from Central Booking, without ever seeing a judge.

37. On June 1, 2012, after several court appearances, Ms. Williams' case was dismissed on speedy trial grounds.

38. At no time did Mr. Spencer or Ms. Williams have marijuana anywhere in the vehicle or on their persons.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Individual NYPD Defendants
### (As to Princess Williams)

39. All other paragraphs herein are incorporated by reference as though fully set forth.

40. In stopping, seizing, arresting, searching, detaining and prosecuting Ms. Williams, the Individual Defendants engaged under color of law in the violation of Ms. Williams' rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures, excessive force, false arrest and imprisonment and malicious prosecution and her right under the Sixth Amendment to the United States Constitution and 42 U.S.C. § 1983 to a fair trial.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Individual NYPD Defendants
### (As to Michael Spencer)

41. All other paragraphs herein are incorporated by reference as though fully set forth.

42. In stopping, seizing, arresting, and detaining Mr. Spencer, the Individual Defendants engaged under color of law in the violation of Mr. Spencer's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York
### (As to both Plaintiffs)

43. All other paragraphs herein are incorporated by reference as though fully set forth.

44. Municipal liability for the violations of Plaintiffs' Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

45. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and

of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### FOURTH CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest Against the Individual Defendants
### (As to both Plaintiffs)

47. All other paragraphs herein are incorporated by reference as though fully set forth.

48. By the actions described above, the Individual Defendants jointly and severally violated the Plaintiffs' rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiffs suffered the loss of physical liberty.

### FIFTH CAUSE OF ACTION
### Pendant State Law Claim for
### Assault and Battery Against the Individual Defendants
### (As to Princess Williams)

49. All other paragraphs herein are incorporated by reference as though fully set forth.

50. By the actions described above, the Individual Defendants jointly and severally violated the Ms. Williams' rights under New York law to be free from assault, battery and battery committed in performance of public duty or authority, as a direct and proximate result of which the Ms. Williams suffered from physical pain and injury.

## SIXTH CAUSE OF ACTION
### Pendant State Law Claim for
### Malicious Prosecution Against the Individual Defendants
### (As to Princess Williams)

51. All other paragraphs herein are incorporated by reference as though fully set forth.

52. By the actions described above, the Individual Defendants, jointly and severally, violated Ms. Williams' rights under New York law to be free from malicious prosecution, as a direct and proximate result of which Ms. Williams suffered damages in her attempt to clear herself from the false and maliciously imposed charges.

WHEREFORE, the plaintiffs request that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiffs against the defendants, jointly and severally;

3. Award plaintiffs reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated:    New York, New York
July 24, 2012

                           Respectfully submitted,

                           Darius Wadia, L.L.C.
                           By: Darius Wadia, Bar number DW8679
                           Attorney for Plaintiff
                           233 Broadway, Suite 2208
                           New York, New York 10279
                           dwadia@wadialaw.com
                           (212) 233-1212/1216